MARK E. FERRARIO
Nevada Bar No. 1625
KARA B. HENDRICKS
Nevada Bar No. 7743
WHITNEY L. WELCH-KIRMSE
Nevada Bar No. 12129
GREENBERG TRAURIG, LLP
3773 Howard Hughes Parkway, Suite 400 North
Las Vegas, Nevada 89169
Telephone: (702) 792-3773
Fax: (702) 792-9002
Email: ferrariom@gtlaw.com
hendricksk@gtlaw.com
welchkirmsew@gtlaw.com
*Attorneys for Defendants Clark County School District
and Mark Connors*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| TAMARA TIMS and H.H., a minor by and through his Guardian Ad Litem, GENEVA ATTEBERRY<br><br>Plaintiffs,<br><br>vs.<br><br>CLARK COUNTY SCHOOL DISTRICT; KASEY GLASS, MARK CONNORS, and DOES 1-50,<br><br>Defendants. | Case No. 2:18-cv-00021-JAD-VCF<br><br>**STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER** |

Pursuant to the Stipulation contained herein by and among counsel for Plaintiffs TAMARA TIMS AND H.H., a minor by and through his Guardian Ad Litem, GENEVA ATTEBERRY and, counsel for Defendants CLARK COUNTY SCHOOL DISTRICT ("CCSD"), and MARK CONNORS (collectively, "CCSD Defendants"), the Court hereby finds as follows:

## PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties

acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery, or any categories of information not specifically addressed herein, and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and designated "confidential" as described herein. The parties further acknowledge, as set forth further below, that this Stipulated Protective Order does not entitle them to file confidential information under seal or otherwise change Federal or Local rules, procedures, and standards to be applied when a party seeks permission from the court to file material under seal.

1.      The "Litigation" shall mean the above-captioned case, filed in the United States District Court, District of Nevada Case No. 2:18-cv-00021-JAD-VCF.

2.      "Documents" or "Information" shall mean and include any documents or portions thereof, or information extracted therefrom, (whether in hard copy or electronic form), records, correspondence, analyses, assessments, statements (financial or otherwise), responses to discovery, tangible articles or things, whether documentary or oral, and other information provided, served, disclosed, filed, or produced, whether voluntarily or through discovery or other means, in connection with this Litigation.  A draft or non-identical copy is a separate document within the meaning of these terms.

3.      "Party" (or "Parties") shall mean one party (or all parties) in this Litigation and their in-house and outside counsel.  "Producing Party" shall mean any person or entity who provides, serves, discloses, files, or produces any Documents or Information.  "Receiving Party" shall mean any person or entity who receives any such Documents or Information.

4.       Any Party may designate any document, object, file, photograph, video, tangible thing, interrogatory answers, answers to requests for admissions, testimony, or other material or copies thereof (collectively, the "Discovery Material") as "Confidential Information" or following a good faith determination that the information so designated is or may reveal confidential, or proprietary matters.

5.      The privacy of students who are not parties to the Litigation is protected under federal law and as a school district that receives federal funding, CCSD is bound by the Family Educational

GREENBERG TRAURIG, LLP
3773 Howard Hughes Parkway, Suite 400 North
Las Vegas, Nevada 89169
Telephone: (702) 792-3773
Facsimile: (702) 792-9002

Rights and Privacy Act ("FERPA") and is not at liberty to disclose certain personally identifying information of its students without written consent or court order. The Parties acknowledge that information that could reasonably likely to lead to admissible evidence in this Litigation could contain information that is protected by FERPA. If any party requests documents or other evidence that are subject to FERPA, the Parties acknowledge that a Court Order requiring such a disclosure must first be obtained. If such a court order is granted, and disclosure of FERPA protected information is required, the Parties acknowledge FERPA protected information will be marked confidential pursuant to the Stipulated Confidentiality Agreement and Protective Order.

## EXERCISE OF RESTRAINT AND CARE IN DESIGNATING MATERIAL FOR PROTECTION

6. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. Indiscriminate or routinized designations are prohibited.

## MANNER AND TIMING OF DESIGNATIONS

7. CONFIDENTIAL Documents shall be so designated prior to their production by marking or stamping each page of the Document produced to or received from a Party with the legend "CONFIDENTIAL." The application of the legend must be made in a manner so as not to render the documents illegible, illegible after photocopying, or incapable of being subjected to Optical Scanning Recognition. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

8. Testimony taken at a deposition, or in other pretrial or trial proceedings, may be designated as CONFIDENTIAL by any Party making a statement to that effect on the record at the deposition. Arrangements shall be made with the court reporter taking and transcribing such deposition to separately bind such portions of the transcript and deposition exhibits containing Information designated as CONFIDENTIAL, and to label such portions appropriately. Counsel for the Parties may also designate an entire deposition transcript as CONFIDENTIAL at the time of the deposition. A party's failure to designate testimony confidential at the time of deposition shall not

GREENBERG TRAURIG, LLP
3773 Howard Hughes Parkway, Suite 400 North
Las Vegas, Nevada 891169
Telephone: (702) 792-3773
Facsimile: (702) 792-9002

constitute the party's waiver of its right to correct its failure prior to a date ten business days after the party's receipt of the transcript, in which case all receiving parties shall honor the late designation as it would an inadvertent disclosure pursuant to paragraph 16 below.

9.     For information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

## ACCESS TO AND USE OF PROTECTED MATERIAL

10.     CONFIDENTIAL Information shall be maintained in strict confidence by the Parties who receive such information, shall be used solely for the purposes of this Litigation, and  shall not be disclosed to any person except:

(a)     The United States District Court, District of Nevada, or any other court to which this matter may be transferred (the "Court"), so long as the party seeking to file a confidential document under seal complies with the Ninth Circuit's directives in *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006) and the Court's electronic filing procedures set forth in Local Rule 10-5(b);

(b)     In the event of an appeal, the United States Court of Appeals (the "Appellate Court") and/or the United States Supreme Court (the "Supreme Court"), so long as that document is filed under seal;

(c)     The attorneys of record in this Litigation and their co-shareholders, co-directors, partners, employees, and associates who are assisting in the Litigation (collectively hereafter referred to as "Outside Counsel");

(d)     A Party, or an officer, director, or employee of a Party or of a Party's affiliate, as long as any such person agrees to be bound by the terms and conditions of this Agreement.

(e)     Subject to the terms of Paragraph 14 below, experts or consultants and their staff, retained by the Parties and/or Outside Counsel in this Litigation for the purposes of this Litigation;

GREENBERG TRAURIG, LLP
3773 Howard Hughes Parkway, Suite 400 North
Las Vegas, Nevada 89169
Telephone: (702) 792-3773
Facsimile: (702) 792-9002

GREENBERG TRAURIG, LLP
3773 Howard Hughes Parkway, Suite 400 North
Las Vegas, Nevada 89169
Telephone: (702) 792-3773
Facsimile: (702) 792-9002

(f)     Any other person, only if the Receiving Party has given written notice to the Producing Party of an intent to disclose specified CONFIDENTIAL Information to said person, who shall be identified by name, address, phone number, and relationship, if any, to the Receiving Party, and the Producing Party has not provided a written objection to the disclosure within ten (10) business days of delivery of the notification.  In the event of an objection, no disclosure shall be made pending the resolution of the objection.  If the disclosure includes information that is protected by FERPA, the objection can only be resolved by stipulation of the parties or court order which includes a provision allowing CCSD to provide no less than fourteen (14) days' notice to the parents of the children that may be implicated in any disclosure.  Before any person may receive Documents or Information pursuant to this subparagraph, he or she must comply with the requirements of Paragraph 13 below.

(g) Any person identified on the document itself as having created, sent, received, or otherwise already viewed, the document.

(h) Any person testifying at deposition in this matter, subject to the paragraph 11 below.

11.     If a witness is providing or is provided CONFIDENTIAL Information during a deposition, counsel for the Producing Party may request that all persons other than the witness and persons entitled by this Order to have access to the CONFIDENTIAL Information leave the deposition room during that portion of the deposition other than the court reporter.  Failure of any person to comply with such a request will constitute sufficient justification for the witness to refuse to answer the question, or for the Producing Party to demand that CONFIDENTIAL Information not be provided to the witness, pending resolution of the issue.

## CHALLENGING CONFIDENTIALITY DESIGNATIONS

12.     A party may object to the designation of particular Information as CONFIDENTIAL by giving written notice to the party designating the disputed Information.  Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed. The written notice shall identify the Information to which

the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the Information as CONFIDENTIAL to file an appropriate motion requesting that the Court determine whether the disputed Information should be subject to the terms of this Protective Order. If such a motion is filed within ten (10) business days after the date the parties fail to resolve the objection, the disputed Information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed Information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the Information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed Information to be treated as CONFIDENTIAL.

13. While protected by this Order, any Information designated CONFIDENTIAL shall be held in strict confidence by each person to whom it is disclosed; shall be used solely for the purposes of this Litigation; and shall not be used for any other purpose, including, without limitation, use in any other lawsuit. Documents and Information previously produced by the parties may be designated "Confidential" within 30 days after the date of this Order.

14. With respect to outside experts or other persons pursuant to Paragraph 8, to become an authorized expert or other person entitled to access to CONFIDENTIAL Information, the expert or other person must be provided with a copy of this Order and must sign a certification in the form attached as Exhibit A hereto acknowledging that he/she has carefully and completely read, understands, and agrees to be bound by this Order. The Party on whose behalf such a Certification is signed shall retain the original Certification.

15. Notwithstanding any other provision herein, nothing shall prevent a Party from revealing CONFIDENTIAL Information to a person who created or previously received (as an addressee or by way of copy) such Information.

GREENBERG TRAURIG, LLP
3773 Howard Hughes Parkway, Suite 400 North
Las Vegas, Nevada 89169
Telephone: (702) 792-3773
Facsimile: (702) 792-9002

GREENBERG TRAURIG, LLP
3773 Howard Hughes Parkway, Suite 400 North
Las Vegas, Nevada 89169
Telephone: (702) 792-3773
Facsimile: (702) 792-9002

**INADVERTENT FAILURE TO DESIGNATE**

16.     The inadvertent production of any Information without it being properly marked or otherwise designated shall not be deemed to waive any claim of confidentiality with respect to such Information.  If a Producing Party, through inadvertence, produces any CONFIDENTIAL Information without marking or designating it as such in accordance with the provisions of this Order, including deposition testimony, the Producing Party may, promptly on discovery, furnish a substitute copy properly marked along with written notice to all Parties (or written notice alone as to non-documentary Information) that such Information is deemed CONFIDENTIAL and should be treated as such in accordance with the provisions of this Order.  Each receiving person must treat such Information as CONFIDENTIAL in accordance with the notice from the date such notice is received.  Disclosure of such CONFIDENTIAL Information prior to the receipt of such notice shall not be deemed a violation of this Confidentiality Agreement.  A Receiving Party who has disclosed such CONFIDENTIAL Information prior to the receipt of such notice shall take steps to cure such disclosure by requesting return of the original document and substituting it with the properly marked one.

**NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

17.     The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

18.     A copy of this Order shall be shown to each attorney acting as counsel for a Party and to each person to whom CONFIDENTIAL Information will be disclosed.

19.     Nothing in this Order shall be construed as an admission or agreement that any specific Information is or is not confidential, subject to discovery, relevant, or admissible in evidence in any future proceeding.

20.     Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

21.     Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

22.     The Parties shall comply with the requirements of Local Rule 10-5(b), and the Ninth Circuit's decision in *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006), with respect to any documents filed under seal in this matter.

23.     This Order shall not be construed to prevent any Party from making use of or disclosing Information that was lawfully obtained by a Party independent of discovery in this Litigation, whether or not such material is also obtained through discovery in this Litigation, or from using or disclosing its own CONFIDENTIAL Information as it deems appropriate.

24.     If either Party becomes required by law, regulation, or order of a court or governmental entity to disclose any CONFIDENTIAL Information that has been produced to it under the terms of this Order, such Party will reasonably notify the other Parties, in writing, so that the original Producing Party has an opportunity to prevent or restrict such disclosure.  The Party required to disclose any CONFIDENTIAL Information shall use reasonable efforts to maintain the confidentiality of such CONFIDENTIAL Information and shall cooperate with the Party that originally produced the Information in its efforts to obtain a protective order or other protection limiting disclosure; however, the Party required to disclose the Information shall not be required to seek a protective order or other protection against disclosure in lieu of, or in the absence of, efforts by the Producing Party to do so.

25.     Upon termination of this Litigation, either by settlement or other action, any Party and its counsel that obtained CONFIDENTIAL Information through discovery shall, upon request, return all such CONFIDENTIAL Information to the Producing Party or certify as to its destruction.  Counsel may retain CONFIDENTIAL Information solely for archival purposes. The restrictions of this Protective Order shall apply to Counsel for as long as they hold such archival Documents.

GREENBERG TRAURIG, LLP
3773 Howard Hughes Parkway, Suite 400 North
Las Vegas, Nevada 89169
Telephone: (702) 792-3773
Facsimile: (702) 792-9002

26. The obligation to treat all Information designated as CONFIDENTIAL in accordance with the terms of this Order and not to disclose such CONFIDENTIAL Information shall survive any settlement or other termination of this Litigation.

27. The inadvertent production of any Information during discovery in this action shall be without prejudice to any claim that such Information is subject to the attorney-client privilege or is protected from discovery as attorney work product. No Party shall be held to have waived any rights by such inadvertent production. Upon notification of inadvertent production, the receiving Party shall not use or divulge the contents of such Information unless subsequently agreed to by the Producing Party or permitted by the Court. Any such inadvertently produced Information shall be returned by the Receiving Party within three business days of any written request therefore. The Receiving Party retains the right to challenge the Information as not privileged or otherwise protected and discoverable.

///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///

GREENBERG TRAURIG, LLP
3773 Howard Hughes Parkway, Suite 400 North
Las Vegas, Nevada 89169
Telephone: (702) 792-3773
Facsimile: (702) 792-9002

28. The Parties may seek modification of this Order by the Court at any time, by stipulation or for good cause.

**IT IS SO STIPULATED.**

Dated this 1st day of May, 2018.                    Dated this 1st day of May, 2018.

GREENBERG TRAURIG, LLP

_/s/ Whitney L. Welch-Kirmse_                         _/s/ Michael A. Burke_

MARK E. FERRARIO (NV BAR 1625)                MICHAEL A. BURKE (NV Bar 11527)
KARA B. HENDRICKS (NV BAR 7743)              Robinson, Sharp, Sullivan & Brust
WHITNEY L. WELCH-KIRMSE (NV Bar              71 Washington Street
12129)                                                          Reno, Nevada 89503
3773 Howard Hughes Parkway                      Tel: 775-329-3151
Suite 400 North                                         Fax: 775-329-7941
Las Vegas, Nevada 89169
_Attorneys for Defendants Clark County_
_School District and Mark Connors_              TODD BOLEY, (CA Bar No. 68119)
                                                                LAW OFFICES OF TODD BOLEY
                                                                2831 Mariner Square Dr., Suite 280
                                                                Alameda, CA 94501
                                                                Tel: (510) 836-4500
                                                                Fax: (510) 649-5170

                                                                PETER W. ALFERT, (CA Bar No. 83139)
                                                                LAW OFFICES OF PETER ALFERT, APC
                                                                200 Pringle Ave., Suite 450
                                                                Walnut Creek, CA 94596
                                                                Tel: (925) 279-3009
                                                                Fax: (925) 279-3342

                                                                _Attorneys for Plaintiffs_

**<u>ORDER</u>**

**IT IS HEREBY ORDERED.**

DATED this 1st day of May, 2018.

_____
**UNITED STATES MAGISTRATE JUDGE**

## CERTIFICATE OF SERVICE

Pursuant to FRCP 5(b), I hereby certify that on the 1st day of May, 2018, a true and correct copy of the foregoing **STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER** was filed electronically via the Court's CM/ECF system. Notice of filing will be served on all parties by operation of the Court's EM/ECF system, and parties may access this filing through the Court's CM/ECF system.

*/s/ Kareen Romano*
an employee of Greenberg Traurig, LLP

# EXHIBIT A

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

TAMARA TIMS and H.H., a minor by and through his Guardian Ad Litem, GENEVA ATTEBERRY

               Plaintiffs,

vs.

CLARK COUNTY SCHOOL DISTRICT; KASEY GLASS, MARK CONNORS, and DOES 1-50,

               Defendants.

Case No.  2:18-cv-00021-JAD-VCF

**STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER**

       I have read the Stipulated Confidentiality Agreement & Protective Order in the above-captioned case. I understand the terms of the Order, I agree to be fully bound by the terms of the Order, and I hereby submit to the jurisdiction of the United States District Court for the District of Nevada for purposes of enforcement of the Order.

Date: _____

Signature: _____

Signatory's Name, Business Affiliation, and Business Address:

_____

_____

\

_____

GREENBERG TRAURIG, LLP
3773 Howard Hughes Parkway, Suite 400 North
Las Vegas, Nevada 891169
Telephone: (702) 792-3773
Facsimile: (702) 792-9002