

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

TAMMARA TIMS, *et al.*,

        Plaintiffs,

vs.

CLARK COUNTY SCHOOL DISTRICT, *et al.*,

        Defendants.

2:18-cv-00021-JAD-VCF

**ORDER**

MOTION TO COMPEL [ECF NO. 46]

Before the Court is Plaintiffs Tammara Tims and H.H.'s Motion to Compel Defendant [Clark County School District] CCSD to Produce Documents and Further Responses to Plaintiffs' Requests for Production of Documents, Sets One and Two. (ECF No. 46). For the reasons discussed below, Plaintiffs' motion is granted in part.

## BACKGROUND

In the complaint, Plaintiffs allege that H.H., a special education student, was subjected to physical and verbal abuse by his teacher, Kasey Glass. (ECF No. 44 at 3). Glass was employed by CCSD during the 2015-2016 and 2016-2017 school years. (ECF No. 61 at 19). Plaintiffs also allege that CCSD has a "policy of deliberate indifference to abuse of special education students." (ECF No. 44 at 3). Plaintiffs bring, among other causes of action, a 42 U.S.C. § 1983 claim against CCSD. (*Id.* at 15-16).

On September 13, 2018, Plaintiff filed their motion to compel. (ECF No. 46). Plaintiffs argue that CCSD's response to many of Plaintiff's requests for production of documents are deficient because they fail to state whether documents are being withheld in response to CCSD's objections. (*Id.* at 11-14). In its response (ECF No. 61 at 6-7) and at the hearing held by the Court on this motion (ECF No. 72), CCSD

represented that it "was not knowingly withholding any relevant documents." Based on this representation, the Court denied Plaintiffs' motion to compel as to Responses 1-2, 7, 21, 29-31, 35, 38, 41-46, 50-51, 54-58, 74, 79, 84-87, 89-91, 95, and 100-103 at the November 5, 2018 hearing.

In their motion to compel, Plaintiffs raise additional arguments to compel supplemental responses to Requests for Production of Documents 75 and 106. These Requests relate to police reports and documents maintained by the Student Services Division's Office of Compliance and Monitoring (specifically "624 forms") for "incident[s] where a CCSD employee was alleged to have had an inappropriate interaction with a special needs student" from 2012 to 2017. (ECF No. 46-2 at 42; ECF No. 46-9 at 5). CCSD objected to the requests as being overbroad in duration, being unduly burdensome, not being tailored to Plaintiffs' allegations, and seeking confidential information. (ECF No. 46-2 at 42; ECF No. 46-9 at 5).

During the briefing of their motion to compel, Plaintiffs proposed to limit Requests 75 and 106 to "(1) only those 624 forms for the 461 incidents the district has already identified[1] were instances when the rights of special needs students were violated by a CCSD employee, for the relevant period; and (2) only those police reports, if any, that correspond to police investigations of those 461 instances in which a special needs students' rights were violated." (ECF No. 62 at 8-10). Plaintiffs argue that the documents would support Plaintiffs' § 1983 claim that CCSD "has a practice of under reporting and failing to adequately pursue complaints of abuse of special needs students by District employees." (ECF No. 46 at 13-15). In response, CCSD argues that the 624 forms and police reports are not relevant to Plaintiffs' claims because they do not show how any injury to H.H. was caused by a CCSD policy. (ECF No. 61 at 14-16, 21). In their briefing and at the November 5, 2018 hearing, CCSD also discussed the burden that would be placed on CCSD by conducting this discovery. (*Id.* at 13-14, 20-23).

---

[1] These 461 incidents are listed in ECF No. 61-4.

2

## ANALYSIS

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). When an individual fails to produce the requested discovery, a party may move for an order compelling production. Fed. R. Civ. P. 37(a)(3)(B)(iv).

"Local governing bodies [] can be sued directly under § 1983...where... the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978). "Under *Monell*, municipalities are subject to damages under § 1983 in three situations: when the plaintiff was injured pursuant to an expressly adopted official policy, a long-standing practice or custom, or the decision of a 'final policymaker.'" *Ellins v. City of Sierra Madre*, 710 F.3d 1049, 1066 (9th Cir. 2013) (quoting *Delia v. City of Rialto*, 621 F.3d 1069, 1081-82 (9th Cir. 2010). The policy or practice must be the "moving force of the constitutional violation." *Monell*, 436 U.S. at 694-95.

The Court finds that 624 forms and police reports related to incidents CCSD has already identified when the rights of special needs students were violated by a CCSD employee are relevant to Plaintiffs' § 1983 claim against CCSD. Plaintiffs must show a long-standing policy or custom that was the moving force behind violating H.H.'s constitutional rights. The 624 forms and police reports, in conjunction with records of disciplinary actions taken against teachers involved in these incidents, could be used to argue that CCSD (1) had knowledge of widespread problems with teachers' interactions with special education students through police reports, (2) underreported these problems on 624 forms, and (3) failed to adequately discipline teachers. This could create a setting where Glass was able to abuse H.H. without adequate preventative measures or a proper response by CCSD. This would support Plaintiffs' § 1983 claim against CCSD.

However, the Court also finds that ordering production of all 624 forms and police reports related to the identified 461 incidents is not proportional to the needs of the case. The five-year period in Plaintiffs' requests is overbroad. Ordering discovery related to all incidents identified in ECF No. 61-4 during the 2015-2016 and 2016-2017 school years when Glass was employed by CCSD will balance Plaintiffs' need to establish a long-standing practice or custom with the burden this discovery will place on the parties.

In addition, the Court finds that placing the entire burden of discovery on CCSD is not proportional to the needs of the case. CCSD estimated that gathering and redacting all 624 forms and police reports associated with the 461 incidents would take up to (1) 138 hours of work for a paralegal, (2) 40 hours of work for a CCSD administrative employee, and (3) 23 hours of work for an officer or detective. The total cost would be more than $21,000. Recognizing that this Order is limited to two school years, the Court allocates the cost of this discovery as follows:

1. CCSD will be solely responsible for the first $2000 of discovery cost.
2. Plaintiffs will be responsible for 2/3 of the cost of discovery from $2000 to $12,000. CCSD will be responsible for the remaining 1/3 of discovery costs in this range.
3. Plaintiffs will be solely responsible for the costs of discovery beyond $12,000.

The Court emphasizes that this cost allocation only applies to the production of 624 forms and police reports associated with incidents during the period of Glass's employment that CCSD has already identified when the rights of special needs students were violated by a CCSD employee.

The Court recognizes that the exact scope and cost of production is not entirely clear at this time. CCSD has already produced some documents that fall into the categories addressed by this order, (ECF No. 61 at 3-4, 12, 14, 18-19), and the costs of discovery were only estimates based on a broader scope of documents than this Order addresses. Therefore, the Court orders that the parties meet and confer by November 26, 2018 to work out further details of this discovery as needed, including a budget for this

discovery. The parties may submit a stipulation regarding this discovery with more specific details or request a hearing if difficulties arise.

Accordingly, and for good cause shown,

IT IS HEREBY ORDERED that Plaintiffs' Motion to Compel Defendant [Clark County School District] CCSD to Produce Documents and Further Responses to Plaintiffs' Requests for Production of Documents, Sets One and Two (ECF No. 46) is GRANTED IN PART AND DENIED IN PART.

IT IS FURTHER ORDERED that the motion to compel is denied as to Responses 1-2, 7, 21, 29-31, 35, 38, 41-46, 50-51, 54-58, 74, 79, 84-87, 89-91, 95, and 100-103.

IT IS FURTHER ORDERED that the motion to compel is granted as to Responses 75 and 106 to the following extent: CCSD must produce all 624 forms and police reports related to all incidents CCSD has identified when the rights of special needs students were violated by a CCSD employee during the 2015-2016 and 2016-2017 school years.

IT IS FURTHER ORDERED that CCSD will be solely responsible for the first $2000 of costs associated with the discovery now ordered by the Court. Plaintiffs will be responsible for 2/3 of the cost of this discovery from $2000 to $12,000. CCSD will be responsible for the remaining 1/3 of the discovery costs in this range. Plaintiffs will be solely responsible for the costs of this discovery beyond $12,000.

IT IS FURTHER ORDERED that the parties meet and confer by November 26, 2018 to work out further details of this discovery, including associated costs, as needed.

DATED this 9th day of November, 2018.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE