# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| TAMMARA TIMS, *et al.*,<br><br>        Plaintiffs,<br><br>vs.<br><br>CLARK COUNTY SCHOOL DISTRICT, *et al.*,<br><br>        Defendants. | 2:18-cv-00021-JAD-VCF<br><br>**ORDER**<br><br>MOTION TO MAINTAIN CONFIDENTIALITY DESIGNATIONS [ECF NOS. 100, 102], MOTIONS TO SEAL [ECF NOS. 101, 106] |

Before the Court are the following motions:

1. Defendants Clark County School District and Mark Connors' (collectively "CCSD") Motion to Maintain Confidentiality Designations and for Sanctions (ECF Nos. 100, 102),[1]

2. CCSD's Motion to Seal Exhibits D, E, and I [ECF Nos. 100-4, 100-5, 100-9; ECF Nos. 102-4, 102-5, 102-6, 102-11] in Support of its Motion to Maintain Confidentiality Designations and for Sanctions (ECF No. 101), and

3. CCSD's Motion to Seal Exhibit A [ECF #103-1] to Their Response in Opposition to Plaintiffs' Motion for Leave to File Second Amended Complaint (ECF No. 106).

For the reasons discussed below, CCSD's motions are granted.

## BACKGROUND

In the complaint, Plaintiffs Tammara Tims and HH allege that HH, a special education student, was subjected to physical and verbal abuse by his teacher, Kasey Glass. (ECF No. 44 at 3). Plaintiffs also allege that CCSD has a "policy of deliberate indifference to abuse of special education students." (*Id.* at 3). Plaintiffs bring § 1983, ADA, Rehabilitation Act, battery, criminal violations motivated by

---

[1] ECF No. 102 is the sealed version of ECF No. 100.

1

characteristics of victim, IIED, and negligence claims against Glass, Mark Connors (the school principal), and CCSD. (*Id.* at 15-25).

The parties entered into a Stipulated Confidentiality Agreement and Protective Order for the purposes of discovery. (ECF No. 33). The Agreement states that material deemed confidential by a party "shall be maintained in strict confidence by the Parties who receive such information." (*Id.* at 4). The Agreement lists the circumstances where the information may be disclosed, including to the Court "so long as the party seeking to file a confidential document under seal complies with the Ninth Circuit's directives in *Kamakana v. City and County of Honolulu*," attorneys, experts, and persons who created the document. (*Id.* at 4-5). Should a party challenge a confidentiality designation, "it shall be the obligation of the party designating the Information as confidential to file an appropriate motion requesting that the Court determine whether the disputed Information should be subject to the terms of this Protective Order." (*Id.* at 6). The Agreement again states that the "Parties shall comply with the requirements of Local Rule 10-5(b), and the Ninth Circuit's decision in *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006), with respect to any documents filed under seal in this matter." (*Id.* at 8).

Plaintiffs have challenged the confidential designation of documents CCSD-TIMS 5938-6121 and 6911-7234 produced by CCSD, which consist of internal personnel records, CCSD police records, and 624 forms. (ECF No. 100 at 1-3). CCSD now moves to maintain the confidentiality designation of these documents, arguing that they contain highly sensitive information that should not be open to third-party disclosure. (*Id.* at 8-22). In response, Plaintiffs argue that, "[b]ecause Plaintiffs intend to file the challenged documents in support of their motion for summary adjudication," CCSD must demonstrate compelling reasons to maintain the documents' confidentiality designation. (ECF No. 115 at 2). Plaintiffs assert that compelling reasons do not exist, as the documents have already been redacted to remove most names and identifying information. (*Id.* at 3-6).

CCSD also moves to seal certain exhibits to its other filings. (ECF Nos. 101, 106). These exhibits will be discussed in more detail below.

## MOTION TO MAINTAIN CONFIDENTIALITY

It is important for the Court to clarify the issues addressed in this Order. The Court is not determining whether confidential documents attached to any future motion must remain sealed. The Court is determining whether the documents at issue can be maintained as confidential under the Stipulated Confidentiality Agreement and Protective Order. The Agreement covers disclosure of confidential material in all settings, including to other parties, experts, or potentially the public as a whole. However, the Agreement specifically states that the "Parties shall comply with the requirements of Local Rule 10-5(b), and the Ninth Circuit's decision in *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006), with respect to any documents filed under seal in this matter." (ECF No. 33 at 8).

"If a party takes steps to release documents subject to a stipulated order, the party opposing disclosure has the burden of establishing that there is good cause to continue the protection of the discovery material." *In re Roman Catholic Archbishop of Portland in Oregon*, 661 F.3d 417, 424 (9th Cir. 2011). "The party arguing for continued protection under Rule 26(c) unquestionably bears the burden of demonstrating good cause or compelling reasons once an opposing party challenges the confidentiality designation." *Murnane v. Las Vegas Metro. Police Dep't*, No. 2:13-cv-01088-MMD-PAL, 2015 WL 5638224, at *3 (D. Nev. Sept. 24, 2015). "A court considering a motion for a continuation of the protective order must…determine whether particularized harm will result from disclosure of information to the public…then it must proceed to balance the public and private interests to decide whether maintaining a protective order is necessary." *In re Roman Catholic Archbishop of Portland in Oregon*, 661 F.3d at 424 (internal quotations omitted).

The Court finds good cause to maintain the confidentiality designation of CCSD-TIMS 5938-6121 and 6911-7234. Though the documents redact many names of students and alleged perpetrators[2] involved in potential abuse incidents, there are many unredacted pieces of sensitive information in the documents that could cause harm to individuals affected by these reports. For example, the documents in ECF No. 102-4 give the names of the individuals who used restraint or aversive intervention against a student and detail the administrative response to the individual's actions. This information could be used against individuals who are not named in this action and cannot protect their own interests. In addition, many of the reports in 102-6 (*see* pages 41-63) and 102-11 (*see* pages 20-253) give the date of the incident, school where it took place, details about the student's condition, and the alleged perpetrator's position in the school. This information could be enough to discern the identity of the student and alleged perpetrator, even though their names have been redacted. At this stage in the proceedings, the potential harm that could result to individuals described in these reports outweighs any public interest in reviewing the hundreds of pages of documents CCSD has designated as confidential. Therefore, CCSD's motion to maintain confidentiality is granted. CCSD-TIMS 5938-6121 and 6911-7234 shall be treated as confidential documents under the Stipulated Confidentiality Agreement and Protective Order.

Plaintiffs' opposition to CCSD's motion focusses almost exclusively on the compelling reasons needed to seal documents attached to a potential future motion for summary judgment. (ECF No. 115). As stated earlier, the motion for summary judgment and any potential attachments[3] is not before the Court at this point. However, the Court acknowledges the potential complications that can arise when a party seeks to attach documents to a motion that another party deems confidential, but the submitting party does

---

[2] There are at least two pages where either the student's or teacher's name has not been redacted. (ECF No. 102-5 at 45, 63).

[3] Plaintiffs assert their future motion "will rely in part on evidence obtained through discovery, both by stipulation and court order," including the documents at issue in CCSD's motion to maintain confidentiality. (ECF No. 115 at 1-2). However, Plaintiffs do not state whether they intend to rely on (1) other documents that CCSD deemed confidential and Plaintiffs did not object to and (2) all of the documents currently being reviewed by the Court. Without further details regarding what specific documents Plaintiffs intend to use and how the documents will be used, it would be impossible for the Court to give any advance ruling on a future motion to seal.

4

not believe needs to be filed under seal. Plaintiffs' apparent concern over this issue is understandable, and is one reason the Court denies CCSD's request for sanctions.[4]

In the event of a future motion where a party seeks to attach documents that another party has deemed confidential, the parties will follow a procedure used in other cases in this Court:

> If the sole ground for a motion to seal is that the opposing party (or non-party) has designated a document as subject to protection pursuant to a stipulated protective order, the movant must notify the opposing party (or non-party) at least seven days prior to filing the designated document. The designating party must then make a good faith determination if the relevant standard for sealing is met.
>
> To the extent the designating party does not believe the relevant standard for sealing can be met, it shall indicate that the document may be filed publicly no later than four days after receiving notice of the intended filing. To the extent the designating party believes the relevant standard for sealing can be met, it shall provide a declaration supporting that assertion no later than four days after receiving notice of the intended filing. The filing party shall then attach that declaration to its motion to seal the designated material. If the designating party fails to provide such a declaration in support of the motion to seal, the filing party shall file a motion to seal so indicating and the Court may order the document filed in the public record.

*Marquis Aurbach Coffing, P.C. v. Dorfman*, No. 2:15-cv-00701-JCM-NJK, 2016 WL 10843848, at *3-4 (D. Nev. Jan. 15, 2016); see also *Murnane v. Las Vegas Metro. Police Dep't*, No. 2:13-CV-01088-MD-PAL, 2015 WL 5638224, at *3 (D. Nev. Sept. 24, 2015).

## MOTIONS TO SEAL

CCSD moves to seal ECF No. 102. (ECF No. 101). Attached to ECF No. 102 is CCSD-TIMS 5938-6121 and 6911-7234. (ECF Nos. 102-4, 102-5, 102-6, 102-11). ECF No. 100 was not filed under

---

[4] Both parties have asked for sanctions in their many discovery motions before the Court. The Court advises the parties to work together on resolving their disputes, as sanctions against both parties may be warranted in the future.

seal, and contains all the same documents as ECF No. 102 except for CCSD-TIMS 5938-6121 and 6911-7234.

CCSD also moves to seal ECF No. 103-1, as it "contains the name of a minor child and was inadvertently not redacted before filing the same with the Court." (ECF No. 106). "[I]n an electronic or paper filing with the court that contains…the name of an individual known to be a minor…a party or nonparty making the filing may include only…the minor's initials." Fed. R. Civ. P. 5.2(a).

Federal Rule of Civil Procedure 26(c) allows the Court to issue a protective order to govern discovery, as necessary to protect a party from "annoyance, embarrassment, oppression, or undue burden or expense." "[A] 'particularized showing'…under the 'good cause' standard of Rule 26(c) will 'suffice[] to warrant preserving the secrecy of sealed discovery material attached to non-dispositive motions.'" *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135, 1138 (9th Cir. 2003); *see also Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1099 (9th Cir. 2016) (holding that the compelling reasons standard would apply to "technically nondispositive motions that "are strongly correlative to the merits of a case").

For the reasons discussed above, the Court finds good cause to seal ECF No. 102, as it contains confidential and sensitive personal information. In addition, the Court finds good cause to seal ECF No. 103-1, as it contains the unredacted name of a minor. Therefore, CCSD's motions to seal are granted.

ACCORDINGLY, and for good cause shown,

IT IS HEREBY ORDERED that CCSD's Motion to Maintain Confidentiality Designations and for Sanctions (ECF Nos. 100, 102) is GRANTED IN PART. CCSD-TIMS 5938-6121 and 6911-7234 shall be treated as confidential documents under the Stipulated Confidentiality Agreement and Protective Order, but no sanctions will be imposed.

1    IT IS FURTHER ORDERED THAT CCSD's Motion to Seal Exhibits D, E, and I in Support of its Motion to Maintain Confidentiality Designations and for Sanctions (ECF No. 101) is GRANTED. ECF No. 102 will remain under seal.

IT IS FURTHER ORDERED THAT CCSD's Motion to Seal Exhibit A [ECF #103-1] to Their Response in Opposition to Plaintiffs' Motion for Leave to File Second Amended Complaint (ECF No. 106) is GRANTED. ECF No. 103-1 will remain under seal.

DATED this 27th day of February, 2019.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE