# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

***

TAMMARA TIMS, *et al.*,

        Plaintiffs,

vs.

CLARK COUNTY SCHOOL DISTRICT, *et al.*,

        Defendants.

2:18-cv-00021-JAD-VCF

**ORDER**

MOTION FOR RECONSIDERATION [ECF NO. 143];
MOTIONS TO SEAL [ECF NOS. 194, 195]

    Before the Court are Plaintiff HH's Motion for Reconsideration of Magistrate Judge's Order ECF No. 109 (ECF No. 143) and Motions for Leave to File Documents Under Seal Pursuant to Protective Order (ECF Nos. 194, 195). For the reasons discussed below, the motion for reconsideration is granted in part and the motions to seal are granted.

## BACKGROUND

    I held a hearing on June 21, 2019 to address several motions: ECF Nos. 143, 151, 152, 157, 166, 173, 176, 178. (ECF Nos. 188, 193). I granted ECF Nos. 151, 173, and 176—two motions to seal and a motion to file a sur-reply. (ECF No. 193 at 9). I stated that I was not going to rule on ECF No. 157[1] because it was a motion to seal relating to a motion before Judge Dorsey. (ECF No. 193 at 9). I granted ECF No. 152, a motion to compel, based on the parties' understanding as to the relevancy of the CPS records. (ECF No. 193 at 43-47). I denied ECF No. 166, another motion to compel, finding that the proposed discovery related to three names was not proportional and collateral to this case. (ECF No. 193

---

[1] The minutes of the hearing mistakenly state that ECF No. 157 was granted. (ECF No. 188). As stated above, I did not rule on this particular motion to seal.

1

at 47-52). I granted ECF No. 178, a motion to extend time, and set new deadlines in the case. (ECF No. 193 at 52-61). The only matter not entirely resolved during the hearing was a motion for reconsideration. (ECF No. 143).

**I.     Factual Background**

In the complaint, HH, a special education student, alleges he was subjected to physical and verbal abuse by his teacher, Kasey Glass. (ECF No. 44 at 3). HH also alleges that CCSD has a "policy of deliberate indifference to abuse of special education students." (*Id*. at 3). HH brings § 1983, ADA, Rehabilitation Act, battery, criminal violations motivated by characteristics of victim, IIED, and negligence claims against Glass, Mark Connors (the school principal), and CCSD. (*Id*. at 15-25).

As part of its defense, CCSD argues that any damages suffered by HH could be related to the medical and mental health of his mother, Ms. Tims. (ECF No. 79 at 11-12). CCSD asserts that "Tims has a history with Child Protective Services ("CPS"), numerous encounters with police, a history of mental instability and health issues associated with PTSD, and Huntington's disease, all of which could and likely did adversely impact H.H." (ECF No. 147 at 4).

**II.    Procedural Background**

On December 11, 2019, CCSD filed a motion to compel Tims to provide a medical release and identify her medical providers. (ECF No. 79 at 3, 5-6). At this point in the case, Tims was also a plaintiff. (ECF No. 109 at 1-2). On February 13, 2019, I granted the motion to compel in part. (*Id.* at 4-7). I noted that "CCSD has agreed to limit its release to mental health providers and related evaluation and/or treatment information from August 2007 (the year prior to HH's birth) to the present." (*Id.* at 4-5). I found, using Nevada state law, that Tims had waived her psychologist-patient privilege by placing her own mental health at issue. (*Id.* at 5-6). I explicitly did "not decide whether the privilege protects Tims' medical records as they relate to HH's development and behavior." (*Id.* at 7). I ordered Tims to "execute

2

a release for mental health providers and related evaluation and/or treatment information from March 2015-March 2017." (*Id.*).

On April 2, 2019, Tims dismissed her claims, removing herself as a plaintiff. (ECF No. 142). On April 8, 2019, HH filed a motion for reconsideration of my Order granting CCSD's motion to compel. (ECF No. 143). HH argued that, "[b]y dismissing her claim for damages, Ms. Tims has restored her privilege against disclosure of mental health records." (*Id.* at 5). "Defendants are in no way precluded from pursuing discovery to support their apparent theory that H.H.'s documented behavioral changes… They are free to inquire into the impact of any of Ms. Tims' medical conditions on her son." (*Id.* at 9). In response, CCSD argued that Tims' records are legally significant to HH's damages and Tims has waived any privilege that would apply. (ECF No. 147 at 5-10). CCSD also argued that the Order should be amended to (1) expand the time frame of records CCSD may obtain related to Tims' mental health treatment and other related treatment to 2007 and (2) compel Tims to identify her mental health providers. (*Id.* at 11-12).

At the June 21, 2019 hearing, I granted the motion for reconsideration in part. (ECF No. 193 at 27). I found that, under both Nevada and federal law, Tims had not waived the privilege relating to her psychiatric records since she had withdrawn her claims. (*Id.* at 27, 40). However, CCSD asked for clarification regarding Tims' other medical records and medical providers. (*Id.* at 28). CCSD asserted that there is "no federal medical privilege," and the Court should use federal privilege law in this case. (*Id.* at 28-38). I ordered further briefing on this issue. (*Id.* at 38-40).

In its post-hearing brief, CCSD argues that "where the evidence sought is relevant to state and federal claims, the federal court will apply federal law privilege." (ECF No. 192 at 3). "Because there is no [federal doctor-patient privilege], Tims can only argue her records are personal and private." (*Id.* at 4). CCSD asserts that "her privacy interest… is outweighed by CCSD['s] right to defend itself against claims in which Tims' minor son is seeking millions of dollars in damages." (*Id.* at 5).

In response, HH argues that CCSD "previously agreed to limit [its] motion to compel to Tim's mental health records" and therefore "should be judicially estopped from changing [its] position and now arguing that [it is] entitled to the production of Tims's medical records." (ECF No. 196 at 2). "Tims's decision to dismiss her individual claim for damages was therefore based in part on the Defendants' representation regarding the scope of the motion to compel." (*Id.* at 3). HH does not discuss whether the Court should apply federal or state privilege law. HH argues that "Tims retains a constitutional right of privacy in her medical information and records," she cannot be compelled to sign a medical release as a non-party, and the proposed release is overbroad. (*Id.* at 3-5).

In its reply, CCSD argues that it has not waived its request for Tims' medical records because "the circumstances of this case have changed since [motion to compel] briefs were originally filed more than six months ago" and "all issues raised in CCSD's original Motion to Compel (ECF 79) were sent back to Your Honor for reconsideration." (ECF No. 197 at 2-3). CCSD asserts, "the only party that would obtain an unfair advantage due to a change in position is Plaintiff and Tims, who are seeking to prohibit CCSD from obtaining records that would support its defense." (*Id.* at 3). CCSD argues the dismissal of Tims' case "was conditioned on her compliance with discovery orders." (*Id.* at 4).

On July 1, 2019, HH filed two motions to seal. (ECF Nos. 194, 195). HH argues that the documents he requests to remain under seal (ECF Nos. 167, 184) contain confidential information relating to minor children. (ECF Nos. 194, 195). Defendants did not file oppositions to either motion to seal.

**DISCUSSION**

**I.  Motions to Seal (ECF Nos. 194, 195)**

Federal Rule of Civil Procedure 26(c) allows the Court to issue a protective order to govern discovery, as necessary to protect a party from "annoyance, embarrassment, oppression, or undue burden or expense." "[A] 'particularized showing'…under the 'good cause' standard of Rule 26(c) will 'suffice[] to warrant preserving the secrecy of sealed discovery material attached to non-dispositive motions.'"

4

*Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135, 1138 (9th Cir. 2003).

The Court finds good cause to seal ECF Nos. 194 and 195. These documents are attached to the briefing of a motion to compel (ECF Nos. 166, 183), which is non-dispositive. They contain HH's confidential and sensitive personal information. In addition, under LR 7-2(d), "[t]he failure of an opposing party to file points and authorities in response to any motion…constitutes a consent to the granting of the motion." Therefore, HH's motions to seal (ECF Nos. 194, 195) are granted.

## II. Motion for Reconsideration (ECF No. 143)

The complicated procedural history of the motion for reconsideration before the Court has made it difficult to determine what discovery dispute is actually at issue. CCSD's original motion to compel references two discovery requests:

> Interrogatory No. 20: Please identify all healthcare providers and/or other professionals that treated you for any injuries you believe were sustained as a result of the allegations in the Complaint… (ECF No. 79-2 at 20).

> Request for Production of Documents No. 1: Please execute and provide the attached medical release permitting Defendant to collect medical and prescription records for you from 2012 to present. (ECF No. 29-8 at 5).

The medical release authorizes production of all Tims' medical records containing "information you may have concerning [Tims]…for the purpose of evaluating any claims that [Tims] may make against [CCSD]…concerning any treatment given to [Tims] from 2012 to present." (*Id.* at 9).

### A. Medical Records Outside the Mental Health Context

Though the proposed medical release covers all medical records, CCSD "agreed to limit its release to mental health providers and related evaluations and/or treatment information from August 2007…to the present" prior to the Court ruling on the motion to compel. (ECF No. 91 at 9). Thus, the Order granting the motion to compel in part only reached the issue of mental health records. (ECF No. 109 at

4-7). HH moved to reconsider the Order as it related to Tims' mental health records. (ECF No. 143 at 4-10).

The Court will not expand the scope of the motion to compel to include Tims' medical records outside of the mental health context. HH's motion for reconsideration is limited to Tims' mental health records. Though CCSD objected to the Order granting the motion to compel in part (ECF No. 122), the objection does not discuss the need for any medical (as opposed to mental health) records. The focus of the objection is exclusively on mental health records. (*Id.* at 8-11). This is also true of CCSD's response to HH's motion for reconsideration. (ECF No. 147).[2] The only "illness" discussed is Huntington's disease, specifically as it relates to Tims' "depression and anxiety." (*Id.* at 11-12). CCSD raised the issue of other medical records for the first time at the June 21, 2019 hearing. (ECF No. 193 at 28-40). Because CCSD "agreed to limit its release to mental health providers and related evaluations and/or treatment information from August 2007…to the present" prior to the Court ruling on the motion to compel (ECF No. 91 at 9) and did not raise the issue of other medical providers until the June 21, 2019 hearing, the Court finds that CCSD waived its request for Tims' medical records outside of the mental health context.

### B. Tims' Mental Health Records

However, CCSD's arguments at the June 21, 2019 hearing also expanded on CCSD's previous statements regarding federal privilege law as they relate to Tims' mental health records. CCSD has raised this issue in several briefings before and after the hearing. (*See* ECF Nos. 122, 147, 192, 197). CCSD argues that under federal privilege law, "[t]he identify of a patient, the fact and time of her treatment and the identify of her providers does not fall within the scope of the psychotherapist-patient privilege. … Privilege applies only to communications that occurred in the course of diagnosis or treatment." (ECF No. 147 at 12).

---

[2] CCSD has argued in several briefs that because "Tims' indicated her health prevented her from serving as H.H.'s guardian… Tims put her health at issue." (ECF No. 147 at 6). I am not persuaded by this argument. Individuals do not put open themselves to discovery regarding their health simply by deciding not to serve as a child's guardian ad litem in a case.

The Court finds that federal privilege law applies to the parties' discovery dispute as it now stands. Tims' mental health records are potentially relevant to HH's federal and state law claims. (ECF No. 109 at 6-7). "Where there are federal question claims and pendent state law claims present, the federal law of privilege applies." *Agster v. Maricopa Cty.*, 422 F.3d 836, 839 (9th Cir. 2005). "Where, as here, the same evidence relates to both federal and state law claims…federal privilege law governs." *Wilcox v. Arpaio*, 753 F.3d 872, 876 (9th Cir. 2014).

"[C]onfidential communications between a licensed psychotherapist and her patients" as well as licensed social workers "in the course of diagnosis or treatment are protected from compelled disclosure under Rule 501 of the Federal Rules of Evidence." *Jaffee v. Redmond*, 518 U.S. 1, 15 (1996). However, "as a general rule, the identity of a patient or the fact and time of his treatment does not fall within the scope of the psychotherapist-patient privilege." *In re Zuniga*, 714 F.2d 632, 640 (6th Cir. 1983); *see also Equal Employment Opportunity Comm'n v. Cheesecake Factory, Inc.*, No. C16-1942JLR, 2017 WL 3887460, at *5 (W.D. Wash. Sept. 6, 2017); *Stallworth v. Brollini*, 288 F.R.D. 439, 443 (N.D. Cal. 2012).

In both the Order granting in part the motion to compel (ECF No. 109) and at the June 21, 2019 hearing (ECF No. 193), I generally referred to all mental health records as either privileged or not privileged. I did not consider whether the privilege attached to only certain types of records or information. Based on the caselaw on this issue, I find that Tims' mental health records themselves are privileged, as they contain confidential communications for the purpose of treatment. However, the identity of Tims' treatment providers and the dates of her treatment are not privileged.

Because the identity of Tims' treatment providers and the dates of her treatment are not privileged, I must apply basic rules of discovery and privacy interests in determining whether their information should be produced. "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Though [t]he

United States Supreme Court has recognized a constitutional right to privacy, …[t]his right…is not absolute and…is subject to a balancing test." *Stallworth v. Brollini*, 288 F.R.D. 439, 444 (N.D. Cal. 2012).

> Relevant factors to be considered in this balancing test include the type of record requested, the information it does or might contain, the potential for harm in any subsequent non-consensual disclosure, the injury from disclosure to the relationship in which the record was generated, the adequacy of safeguards to prevent unauthorized disclosure, the degree of need for access, and whether there is an express statutory mandate, articulated public policy, or other recognizable public interest militating toward access.

*Id.* (citing *Doe v. Attorney General,* 941 F.2d 780, 796 (9th Cir.1991).

The Court finds that the circumstances in this case weigh in favor of compelling Tims to produce the names of her mental health treatment providers and the timeframe that she received treatment from them since 2007, meaning first and last date of treatment or the first date of treatment and a statement that treatment is on-going. Tims has already produced information indicating that she has received mental health treatment. (ECF No. 109 at 6-7). Listing her providers' names and treatment dates will simply confirm this fact. There is no risk from subsequent non-consensual or unauthorized disclosure—the Court is not compelling Tims to execute a medical release, and I have already ruled that the mental health records themselves are privileged. Fact discovery has closed. (ECF No. 193 at 56-57). Having Tims make this relatively limited disclosure balances her privacy interests with CCSD's need to better understand the scope of her mental health treatment.

ACCORDINGLY, and for good cause shown,

IT IS HEREBY ORDERED that HH's Motion for Reconsideration of Magistrate Judge's Order ECF No. 109 (ECF No. 143) is GRANTED IN PART. CCSD's motion to compel (ECF No. 79) is denied except that Tims must produce the names of her mental health treatment providers and the timeframe that she received treatment from them. Tims must produce this information no later than July 31, 2019.

IT IS FURTHER ORDERED that HH's Motions for Leave to File Documents Under Seal Pursuant to Protective Order (ECF Nos. 194, 195) are GRANTED. ECF Nos. 167 and 184 will remain under seal.

DATED this 16th day of July, 2019.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE