# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

***

TAMMARA TIMS and H.H., a minor by and through his Guardian Ad Litem, GENEVA ATTEBERRY,

        Plaintiffs,

vs.

CLARK COUNTY SCHOOL DISTRICT, KASEY GLASS, MARK CONNORS, and DOES 1-50,

        Defendants.

2:18-CV-00021-JAD-VCF

**ORDER**

Before the court are the following motions:

1. Plaintiffs' Motion for Leave to File Documents Under Seal Pursuant to Protective Order (ECF No. 205),

2. Defendant Kasey Glass' Motion to File Documents Under Seal (ECF No. 228),

3. Defendant Clark County School District's Motion to Seal Exhibits B, C, D, H, I, J, K, L, M, O, P, S, T and V in Support of Response in Opposition to Plaintiff's Motion for Partial Summary Judgment and for Approval of Limited Redactions (ECF No. 231).

"Courts have recognized a general right to inspect and copy public records and documents, including judicial records and documents." *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (internal citations and quotations omitted). The Ninth Circuit begins with "a strong presumption in favor of access." *Id.* However, the public's right to access is "not absolute." *Id.* Federal Rule of Civil Procedure 26(c) allows the Court to issue a protective order to govern discovery, as necessary

to protect a party from "annoyance, embarrassment, oppression, or undue burden or expense."

The Court may allow a party to file a document under seal without redaction, pursuant to Fed. R. Civ. P. 5.2(d). Local Rule IA 10-5 explains that a party may file a document with the court under seal if accompanied by a motion for leave to file those documents under seal.

The moving party must overcome the presumption of access by citing "compelling reasons supported by specific factual findings" to seal documents regarding a dispositive motion. *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting Foltz 331 F.3d at 1135 (citations and internal punctuation omitted)). These reasons provided must be compelling enough to overcome the public's interest in access to those documents. *Id.* Such compelling reasons exist when there is potential for documents to "become a vehicle for improper purposes" such as the gratification of private spite, promotion of public scandal, circulation of libelous statements or the release of trade secrets. *Id.* at 1179. The Court's decision to seal certain judicial records must not rely on "hypothesis or conjecture." *Id.* Thus, the parties must show a "compelling reason" why each of the exhibits it has requested to file under seal outweigh the public's interest in "understanding the judicial process." *EEOC v. Erection Co.*, 900 F.2d 168, 170 (9th Cir. 1990).

After reviewing the Plaintiff's Motion for Partial Summary Judgment (ECF NO. 212) and exhibits 2-5, 15, 19-21, and 29-30, the Court agrees that they include confidential information and there is compelling reason for them to remain under seal.

The court has reviewed the unredacted version Defendant Kasey Glass' Opposition to Plaintiff's Motion for Partial Summary Judgment (ECF Nos. 232 & 233) and its exhibits 6, 8, 9, and 10, and finds that they include confidential information and there is compelling reason for them to remain under seal.

The court has reviewed Defendant Clark County School District's Exhibits B, C, D, H, I, J, K, L, M, O, P, S, T and V of its Response in Opposition to Plaintiff's Motion for Partial Summary Judgment (ECF NO. 235) and finds that compelling reason exists for them to remain under seal.

Accordingly,

1 IT IS HEREBY ORDERED that Plaintiffs' Motion for Leave to File Documents Under Seal Pursuant to Protective Order (ECF No. 205), Defendant Kasey Glass' Motion to File Documents Under Seal (ECF No. 228), and Defendant Clark County School District's Motion to Seal Exhibits B, C, D, H, I, J, K, L, M, O, P, S, T and V in Support of Response in Opposition to Plaintiff's Motion for Partial Summary Judgment and for Approval of Limited Redactions (ECF No. 231) are GRANTED.

DATED this 2nd day of October, 2019.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE